**In Re PRO TEM PARTNERS, INC., and Semico Research Corp. Contract Litigation**

**Semico Research Corp. v. Jan–Charles Fine, et al., D. Arizona, C.A. No. 2:06-2475**

**Pro Tem Partners, Inc. v. Semico Research Corp., D. Massachusetts, C.A. No. 1:05-11822**

**No. MDL 1839.**

Judicial Panel on Multidistrict Litigation.

June 13, 2007.

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L.

MILLER, Jr.,* KATHRYN H. VRATIL DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

## ORDER DENYING TRANSFER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of one action in the District of Arizona and another action in the District of Massachusetts. Plaintiff in the District of Massachusetts action (*Pro Tem*) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Massachusetts. This motion is joined by two defendants[1] in the District of Arizona action (*Semico*). Semico Research Corp., defendant in *Pro Tem* and plaintiff in *Semico*, opposes the motion for centralization but, alternatively, suggests the District of Arizona as the transferee forum, if the Panel deems centralization proper.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. In this docket containing only two actions, one of which was originally filed approaching two years ago, the proponents of centralization have failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket at this time. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

---

* Judge Miller took no part in the decision of this matter.

1. Josefina and Jan–Charles Fine.